# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-40505
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Peter Ude,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:21-CR-253-25

_____

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Peter Ude appeals his guilty plea conviction for conspiracy to commit wire fraud, for which he was sentenced to 80 months of imprisonment and three years of supervised release. Ude argues that his guilty plea was not knowingly and voluntarily entered because he was not correctly admonished in the district court as to the range of punishment and potential for an upward

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

variance at sentencing, as required by Federal Rule of Criminal Procedure 11, nor did he understand that the court could decline to award him a stipulated, but conditional, reduction for acceptance of responsibility.

Because Ude did not object before the district court, this court reviews for plain error. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). To succeed on plain error review on his Rule 11 claim, he must show that: "(1) the district court committed Rule 11 error, (2) the error was plain, (3) there is a reasonable probability that but for the error, he would not have pleaded guilty, and (4) the error seriously affected the fairness, integrity, or public reputation of the proceedings." *United States v. Alvarado-Casas*, 715 F.3d 945, 953 (5th Cir. 2013).

Even if the magistrate committed clear or obvious Rule 11 error, we are not persuaded that there is a reasonable probability that Ude would have changed his plea based upon a more thorough explanation of sentencing procedure. The record shows that Ude was informed of the maximum penalty range, that the court was not bound by the Guidelines, and that the court could deny him a sentencing reduction for accepting responsibility. Further, the record indicates that the Government's case against Ude was strong. Accordingly, based on the record as a whole, there is not a reasonable probability that Ude would have not pleaded guilty absent the purported Rule 11 error. *See Dominguez Benitez*, 542 U.S. at 83-85; *Alvarado-Casas*, 715 F.3d at 954.

AFFIRMED.